Citation Nr: 1714112 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 09-06 206 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for right knee disorder, to include as secondary to service-connected disability.

2. Entitlement to service connection for left knee disorder, to include as secondary to service-connected disability.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARINGS ON APPEAL

Veteran



ATTORNEY FOR THE BOARD

David Nelson, Counsel


INTRODUCTION

The Veteran had active military service from September 1988 to May 1989, from November 1990 to December 1991, and from January 2003 to January 2004.

These matters come before the Board of Veterans' Appeals (Board) from a September 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. This case was most previously before the Board in February 2016.

The Veteran testified at a Travel Board hearing before the undersigned in January 2012. In October 2009 the Veteran gave testimony at a hearing at the RO before a local hearing officer.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In July 2016 the Veteran underwent a VA examination that was to address the medical matters raised by this appeal. The July 2016 VA examiner, however, did not address the matter as to whether the Veteran's left or right knees were aggravated by service-connected disability (lumbar spine degenerative joint disease, bilateral radiculopathy of the lower extremities, and posttraumatic stress disorder (PTSD)). Accordingly, the Board finds that the Veteran's claims file should be returned to the July 2016 VA examiner for the purposes of preparing an addendum opinion. See 38 U.S.C.A. § 5103A(d) (West 2015); Stegall v. West, 11 Vet. App. 268, 271 (1998); Barr v. Nicholson, 21 Vet App 303 (2007) (holding that when VA undertakes to provide the Veteran with an examination, it must insure the examination is adequate). 

Accordingly, the case is REMANDED for the following action:

1. Furnish the Veteran's claims file to the examiner who conducted the July 2016 VA examination. The July 2016 VA examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that left or right knee disability was aggravated (made permanently worse) by service-connected lumbar spine disability, bilateral radiculopathy of the lower extremities, or the medications used to treat PTSD.

Full rationale for the requested opinions should be provided.

If the July 2016 VA examiner is not available, request another qualified examiner to review the claims file (and schedule another examination, if warranted) and provide the requested opinion.

The term "aggravated" in the above context refers to a permanent worsening of the underlying condition, as contrasted to temporary or intermittent flare-ups of symptomatology which resolve with return to the baseline level of disability. 

3. The AOJ should then, based on all the evidence of record, readjudicate the issues on appeal. If any of the benefits sought are not granted, a supplemental statement of the case should be issued, and the Veteran and his representative should be afforded the appropriate period to respond. Thereafter, the case should be returned to the Board, as appropriate.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).





_________________________________________________
Thomas H. O'Shay
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).